# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 16-197 (RC) |
| | : | |
| GREGORY ZANDERS, | : | Re Document No.: 7 |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### DENYING THE GOVERNMENT'S MOTION TO ADMIT THE DEFENDANT'S OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

## I. INTRODUCTION & BACKGROUND

Defendant Gregory Zanders is charged with three violations: (1) unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1); (2) unlawful possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (3) using, carrying, possessing, and discharging a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Superseding Indictment, ECF No. 15. The Government alleges that the defendant discharged a firearm while in possession of cocaine, then called 911 to report an attempted break in at his grandmother's home and explained to the officers who responded that he had shot at the intruders. He then allegedly admitted having a gun, turned it over to police, was placed under arrest, and was found to have a significant amount of a substance that has been identified as cocaine[1] in his pants pocket. The Government has moved to admit evidence of Defendants' past convictions pursuant to Rule 404(b) of the Federal Rules of Evidence.

---

[1] For purposes of this motion the Court will refer to the substance found in Mr. Zanders's possession at the time of his arrest simply as cocaine.

Government's Mot. to Admit the Def.'s Other Crimes Evid. ("Rule 404(b) Mot."), ECF No. 7. These are a 2002 conviction for possession with intent to distribute cocaine base and carrying a pistol without a license and a 2007 conviction for possession with intent to distribute a large amount of marijuana. *Id.* at 3. Both were obtained via guilty pleas. *Id.* at 3–4. Defendant opposes the motion, which is now ripe for decision. *See* Def.'s Opp'n to 404(b) Mot. ("Opp'n"), ECF No. 14.

## II. ANALYSIS

Rule 404(b) generally prohibits admission of evidence of other crimes, wrongs, or acts to prove that a defendant has a propensity to commit the charged crime. However, evidence of those other acts may be admissible for other purposes, including proving motive, intent, knowledge, identity or absence of mistake. Fed R. Evid. 404(b). "Rule 404(b) . . . is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance—for the purpose of proving that a person's actions conformed to his character." *United States v. Bowie*, 232 F.3d 923, 929–30 (D.C. Cir. 2000) (citations and quotations omitted). Thus, Rule 404(b) is properly regarded as a rule of "inclusion rather than exclusion." *Id.* at 929.

In addressing admissibility of prior acts under the Federal Rules, this Circuit employs a two-step analysis. "Under the first step, which addresses Rule 404(b), '[the court] must determine whether the evidence is relevant to a material issue other than character." *United States v. Burch*, 156 F.3d 1315, 1323 (D.C. Cir. 1998) (quoting *United States v. Mitchell*, 49 F.3d 769, 775 (D.C. Cir. 1995)). "'If so, [the court] proceed[s] to the second inquiry,' under Federal Rule of Evidence 403, 'whether the probative value is substantially outweighed by the prejudice.'" *Id.* (quoting *Mitchell*, 49 F.3d at 775).

The Government identifies three material issues to which the prior convictions are relevant. The Government says this evidence will help prove (a) that the Defendant *intended* to distribute the drugs that he possessed; (b) that he *knowingly* possessed a controlled substance; and (c) that he intended to possess the firearm here in order to further his drug trafficking rather than for a permissible purpose. Rule 404(b) Mot. at 5 & n.3. These are material issues. One statute under which Mr. Zanders is charged makes it unlawful for "any person *knowingly or intentionally* . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1) (emphasis added). Rule 404(b) expressly contemplates prior crimes and other bad acts being admissible to prove these mental states. *United States v. Pettiford*, 517 F.3d 584, 588 (D.C. Cir. 2008). Mr. Zanders is also charged with using or carrying a firearm "during and in relation to any . . . drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Consequently, Mr. Zanders's state of mind at the time of the alleged offense and the connection between the gun and the drug crime must be proven by the government and are not just material, but possibly even central to the government's case on these counts.

The question under the first step of the court's analysis is whether the proposed evidence is relevant to these material issues. "A prior bad act does not have to involve the *exact* same intent of the charged offense in order to be relevant." *United States v. Hite*, 916 F. Supp. 2d 110, 116 (D.D.C. 2013) (citing *United States v. Long*, 328 F.3d 655, 661 (D.C. Cir. 2003)). "Evidence of a similar act must meet a threshold level of similarity in order to be admissible to prove intent," but that evidence is not required to have "exact congruence." *Long*, 328 F.3d at 661. Indeed, "'admissible bad acts evidence need not show incidents identical to the events charged so long as they are closely related to the offense,' and are probative of intent rather than

mere propensity." *Id.* (quoting *United States v. DeLeon*, 654 F.2d 763, 769 (D.C. Cir. 1980)) (citation omitted). Moreover, "to be relevant, the Government's proposed Rule 404(b) evidence does not have to *prove* the Defendant's intent, it need only make it more probable that the Defendant possessed the requisite intent." *Hite*, 916 F .Supp. 2d at 117. "What matters is that the evidence be relevant to show a pattern of operation that would suggest intent and that tends to undermine the defendant's innocent explanation." *Long*, 328 F.3d at 661 (quotation and citation omitted).

Evidence of Mr. Zanders's prior convictions is relevant to the material issues identified above. A person with experience possessing and transporting drugs is at least somewhat more likely than a person with no history of drug crimes to know that he possesses drugs or intends to distribute them in the future. Put another way, a person with drug convictions is at least somewhat less likely to possess drugs *accidentally* or *unknowingly* than a person who lacks drug convictions. *See United States v. Crowder*, 141 F.3d 1202, 1208 n.5 (D.C. Cir. 1998) ("A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth."). Likewise, a person with a history of drug crimes and who has carried a pistol illegally in the past is at least somewhat more likely to carry a gun in connection with drug trafficking, as opposed to carrying a gun for a permissible purpose while also coincidentally engaged in drug trafficking. The Defendant argues that "the other crimes evidence is too remote and unrelated to the charged conduct to be probative," Opp'n at 5, but the Court thinks these arguments go to the weight of the evidence—to how probative it is, not to whether it has any probative value at all. Consequently, they are better considered at the second stage of the Rule 404(b) analysis. The prior crimes evidence passes the first step of the analysis

because it would be at least minimally probative and relevant to material issues of knowledge, intent, and connection between the gun and the drug offense.

The Court thus turns to the second prong of the 404(b) test—whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. The Defendant notes accurately: "The danger of undue prejudice is far from theoretical. That juries treat prior convictions as highly probative has been confirmed by empirical investigations." *United States v. Linares*, 367 F.3d 941, 945–46 (D.C. Cir. 2004) (quotation omitted). This practice "offends the long standing tradition that protects a criminal defendant from guilt by reputation," *id.* at 946, and is at odds with the very purpose of Rule 404(b). The Court appreciates this very real risk and must weigh it against the probative value of the evidence. Mr. Zanders presents two essential arguments against the value of the Government's 404(b) evidence: first, that the convictions are from over a decade ago and thus too old, and second that they relate to different substances and are thus not valuable to prove that he possessed cocaine in 2016. The Court agrees that the probative value of the prior convictions is significantly reduced for both reasons.

Mr. Zanders's convictions are too old to have significant probative value. The D.C. Circuit "ha[s] held that when evidence of prior bad acts is introduced to show defendant's knowledge of the type of transactions, it cannot be stale." *United States v. Oral George Thompson*, 921 F.3d 263, 269 (D.C. Cir. 2019) (finding that evidence from the 1990s "does seem stale" in the context of a prosecution for conduct in 2011 and 2012, but that the error was harmless); *United States v. Bigesby*, 685 F.3d 1060, 1065 (D. C. Cir. 2012) ("The six-year gap . . . limited the conviction's probative value."). The most similar precedent in this Circuit is *United States v. Sheffield*, 832 F.3d 296 (D.C. Cir. 2016), in which the Circuit ruled that a district

5

court erred in admitting 404(b) evidence of a decade-old possession with intent to distribute ("PWID") conviction in a new PWID prosecution. *Sheffield*, 832 F.3d at 307–08. The more recent of Mr. Zanders's prior convictions is roughly as old as the conviction in *Sheffield*. Only the earlier of Mr. Zanders's prior convictions— from 2002—involved a gun, so age alone is enough for the Court to discount the probative value of 404(b) evidence in relation to Mr. Zanders's charge for carrying a gun in connection with a drug offense. As for the drug charge, the fact that Mr. Zanders has two prior drug convictions, rather than just one, increases their probative value somewhat insofar as they will be introduced as evidence of his familiarity with drugs. Nonetheless, nine years separated his last conviction from the alleged violations, so even the 2007 conviction is fairly stale.[2]

Also damaging to the probative value of the 404(b) evidence in connection with Mr. Zanders's mental state for the drug charge is the fact that the substances involved in Mr. Zanders's prior convictions (cocaine base in 2002 and marijuana in 2007) are different from the substance he is alleged to have possessed in 2016 (cocaine powder). These earlier convictions show that Mr. Zanders had knowledge of controlled substances generally, and cocaine base and cocaine power are obviously closely associated substances, but neither earlier conviction demonstrates that Mr. Zanders had familiarity with and knowledge of cocaine powder in particular. Neither squarely demonstrates that Mr. Zanders was familiar with powder cocaine and must have known that he possessed it. The D.C. Circuit has endorsed the admission of

---

[2] Several Circuits have adopted the presumption "that the staleness of old crimes is lessened if part of the time between the defendant's old crime and a new case was spent in prison." *United States v. Winstead*, 890 F.3d 1082, 1086 (D.C. Cir. 2018) (collecting cases from other Circuits). This Circuit has not adopted this presumption and one recent panel has questioned it in dicta. *Id.*

6

404(b) evidence of prior drug crimes where familiarity with the substance at issue would help show knowledge or absence of mistake, *see Linares*, 367 F.3d at 951 (discussing *Crowder*, 141 F.3d 1202), but the probative value of 404(b) evidence for that purpose is weakened when, as here, the evidence does not demonstrate a familiarity with the particular substance at issue.[3]

With the probative value of Mr. Zanders's prior convictions thus doubly weakened, the Court finds it relatively clear that the probative value of introducing these prior convictions is "substantially outweighed" by the likely prejudicial effect they would have on Mr. Zanders's defense. *Burch*, 156 F.3d at 1323. Again, the Court must be wary of the fact that introducing prior drug convictions "invites the jury to infer that [the defendant] has a propensity for drug offenses" and that he must be guilty of the charged offense as well. *United States v. Watson*, 171 F.3d 695, 703 (D.C. Cir. 1999). Because the probative value of Mr. Zanders's prior convictions is relatively weak, and because the prior drug convictions in particular are likely to prejudice the jury into drawing improper inferences about Mr. Zanders, the Court finds that the prejudicial effect of the evidence substantially outweighs its probative value.

---

[3] While *Linares* does help the Defendant, he attempts to read the case for more than it is worth. Opp'n at 6–7. In *Linares*, several witnesses had testified to the Defendant taking a gun from another man, firing it, and holding it out the window of a car. 367 F.3d at 946. A reasonable jury might have believed these witnesses and convicted the Defendant of knowingly possessing a firearm, or they might have acquitted because they did not believe the witnesses. *See id.* at 946–47. On the testimony presented, though, there was no way a reasonable jury could believe that Mr. Linares possessed, fired, and brandished the gun but then conclude that he had done so unknowingly or by mistake. *Id.* at 949. The 404(b) evidence that would have demonstrated knowledge of firearms was thus properly excluded because it did not make it more probable "that Mr. Linares possessed the gun knowingly or unmistakenly." *Id.* at 952. A mistake defense was therefore unavailable in that case. It would be difficult for the logic underlying *Linares* to translate to a PWID case in which it is not alleged that any drugs were used because there is no obvious use of the contraband—no equivalent to firing the gun—that forecloses the mistake argument.

## III. CONCLUSION

For the foregoing reasons, the Government's Motion to Admit the Government's Other Crimes Evidence Pursuant to Rule 404(b) is denied. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: November 26, 2019                                RUDOLPH CONTRERAS
                                                        United States District Judge