# EXHIBIT 3

# December 29, 2017, Letter from DEA regarding misconduct by Fuentecilla

Subject to Protective Order (ECF No. 43)

G_Zanders_00081



**U.S. Department of Justice**
Drug Enforcement Administration
Office of Chief Counsel

DEC 2 9 2017



Re: Request for Information - Forensic Chemist Ken S. Fuentecilla

Dear Sirs:

    This letter is in response to your office's request, dated December 21, 2017, for general employment information and a review of the personnel files of the following DEA employee for potential impeachment evidence:

        Ken S. Fuentecilla

    We have conducted the requested review, including any files concerning the employee that the Office of Inspector General referred to the DEA for investigation or for further handling. Our policy is to disclose to Giglio Requesting Officials all evidence contained in the files arguably identified in the Department of Justice <u>Giglio</u> Policy (Policy), even if in our own opinion, the Policy does not require disclosure to the defense.

    Pursuant to the Policy, we have reviewed the relevant files for:

    a)  any finding of misconduct that reflects upon the truthfulness or possible bias of the employee, including a finding of lack of candor during a criminal, civil, or administrative inquiry or proceeding;

b) any past or pending criminal charge brought against the employee;

c) any allegation of misconduct bearing upon truthfulness, bias, or integrity that is the subject of a pending investigation;

d) prior findings by a judge that an agency employee has testified untruthfully, made a knowing false statement in writing, engaged in an unlawful search or seizure, illegally obtained a confession, or engaged in other misconduct;

e) any misconduct finding or pending misconduct allegation that relates to substantive violations concerning:

   i. failure to follow legal or agency requirements for the collection and handling of evidence, obtaining statements, recording communications, and obtaining consents to search or to record communications;
   ii. failure to comply with agency procedures for supervising the activities of a cooperating person (C.I., C.S., CHS, etc.);
   iii. failure to follow mandatory protocols with regard to the forensic analysis of evidence;

f) information that may be used to suggest that the agency employee is biased for or against a defendant; and

g) information that reflects that the agency employee's ability to perceive and recall truth is impaired.

We have also conducted a file review in accordance with our obligations set forth in paragraph six of the Policy, which addresses the treatment of allegations which are unsubstantiated, not credible, or have resulted in exoneration.

Pursuant to our obligation(s) under the Policy, we are enclosing the following documents:

1. Decision Letter, dated October 16, 2017;
2. Proposal Letter, dated October 3, 2017;
3. Final Report, dated September 27, 2017;
4. Warrant of Arrest, dated August 30, 2017; and
5. Search Warrant and Supporting Documents, dated August 30, 2017.

These documents reflect that on August 30, 2017, Forensic Chemist (FC) Fuentecilla was arrested by Virginia State Police in Loudoun County, VA and charged with felony possession of methamphetamine, a Schedule II controlled substance, in violation of §18.2-250, Code of Virginia, and embezzlement in violation of §18.211, Code of Virginia.  It is alleged that FC Fuentecilla obtained the methamphetamine from DEA laboratory reference materials without proper authorization.  FC Fuentecilla has been indefinitely suspended without pay.  FC Fuentecilla's security clearance, unescorted access to DEA facilities, and access to DEA information technology systems were also suspended.  Our office is coordinating with the DEA's Office of Professional Responsibility (OPR) regarding an opportunity for members of your office to conduct an in-person review of this investigation.

Please also be advised that we are enclosing a copy of the following documents:

1. Decision Letter, dated October 24, 2014;
2. Proposal Letter, dated November 20, 2013;
3. Final Report, dated October 28, 2013; and
4. Final Report dated October 21, 2011.

These documents reflect that the OPR initiated an investigation into FC Fuentecilla following a report of a failed random drug test.  A processing error invalidated the results; however, FC Fuentecilla received five days suspension based on the charges of Inattention to Duty and Failure to Follow Written Instructions.  Redactions have been made to these documents to protect the privacy interests of third party individuals.

Finally, we are providing the requested general employment information:

1. Dates of employment at DEA (overall start date and end date):  May 19, 2002 to present (currently indefinitely suspended);

2. Dates of employment at the Special Testing & Research Lab (STRL):  August 23, 2015 to present;

3. Names of all DEA labs, and dates of employment at those labs, that the chemist may have worked at prior to assignment at the STRL:  Northeast Laboratory, New York, NY from May 19, 2002 through August 22, 2015.