# EXHIBIT 6



U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

<u>Via Email & Hand-Delivery</u>                                                  April 24, 2019

Barry Pollack, Esq.
Wendy Liu, Esq.
Robbins, Russell, Englert, Orseck, Untereiner & Sauber, LLP
2000 K Street, N.W., 4th Floor
Washington, D.C. 20006
Email: bpollack@robbinsrussell.com
Email: wliu@robbinsrussell.com

      Re:    *United States v. Gregory Zanders*, 16-CR-197 (RC)

Dear Counsel:

This letter with enclosure (a CD containing the below-listed documents) is being provided as an update and supplement to the previous DEA discovery letters sent to you in this case on January 2, 2018, April 2, 2018, May 24, 2018, September 5, 2018, December 7, 2018, February 5, 2019, February 15, 2019, and April 1, 2019, as well as to additional information provided in the United States' Opposition and Status Update to your client's Motion to Compel. Please note that these materials are governed by the Consent Protective Order Governing Discovery of Designated Drug Enforcement Administration Materials, entered by the Court on January 28, 2019. Dckt. 43.

Please find enclosed information and materials regarding disciplinary issues in 2009-2010 that pertain to Forensic Chemist Ken Fuentecilla's employment at the DEA's Northeast Regional Laboratory in New York City, New York at that time. In short, this information documents Fuentecilla's five-day suspension for two specifications each of inattention to duty and failure to follow written instructions. The inattention-to-duty charge related to: (i) Fuentecilla's failure to record accurately the dates he checked out, analyzed, and returned at least 17 drug exhibits between November 2009 and December 2010, including a methamphetamine exhibit from Chicago; and (ii) Fuentecilla's failure to report and record between June and August 2010 a 10-gram discrepancy between the gross weight of a second methamphetamine exhibit recorded by the seizing agent and the gross weight Fuentecilla recorded. The failure-to-follow-instructions charge related to: (i) Fuentecilla's failure between June and October 2010 to follow DEA policy regarding proper

evidence handling and retention procedures by keeping a drug exhibit in his possession for nearly four months; and (ii) Fuentecilla's failure to comply between June and October 2010 with DEA safety requirements when handling drug exhibits by not wearing protective clothing and equipment.

As you can see in the attached records, in 2010 while assigned to the Northeast Laboratory, Mr. Fuentecilla was subject to a random urinalysis that produced a positive result for amphetamine and methamphetamine. However, the vendor that collected Mr. Fuentecilla's urine sample failed to split the urine sample, which violated federal regulations governing the collection and testing of urine samples from federal employees. As a result, the positive test was nugatory and could not be used as the basis for any employment action against Mr. Fuentecilla in accordance with the DEA's Drug Free Work Place and Department of Health and Human Services (HHS) guidelines. As the records show, the investigation encompassed Mr. Fuentecilla's conduct more broadly, with allegations of inattention to duty, failure to follow written instructions and falsification of official documents. Following this exhaustive three year investigation, which also included a supplemental investigation at the request of the Board of Professional Conduct, Mr. Fuentecilla was suspended for five days for inattention to duty and failure to follow written instructions. While the investigation was pending, Mr. Fuentecilla was assigned to the mailroom in New York, but following the close of the investigation, Mr. Fuentecilla was reassigned to the DEA Special Testing and Research Lab in Virginia.

An employee's discipline has to be commensurate with discipline imposed on other employees in similar circumstances (i.e., other chemists facing similar disciplinary charges). Therefore, following the conclusion of the investigation and the imposition of the discipline assessed against him, Mr. Fuentecilla was restored to a position conducting chemist duties, because his discipline solely involved inattention to duty and failure to follow written instructions. However, a non-disciplinary transfer to another laboratory position that would not involve casework was also initiated.

The only laboratory within the DEA system that has chemist jobs that are not casework related is the Special Testing and Research Laboratory in Virginia. The laboratory performs other work where chemists conduct analytical chemistry without having to testify. They also have program partitions so that a chemist could be required to work on only one substance, such as cocaine, but not others, such as methamphetamine. The positive urinalysis result for methamphetamine could not be used against Mr. Fuentecilla because of a vendor error, and therefore he could not have faced termination for that urinalysis, but he was placed in the only laboratory where his ordinary job responsibilities could be met but which would not involve criminal casework or testimony.

It is the government's understanding that the Virginia laboratory's director knew generally that Fuentecilla had a positive urinalysis for methamphetamine in New York and that he may have shaved his hair to avoid further testing, but that the agency was unable to administratively act on that information and that that the allegations against Fuentecilla included failure to follow proper protocols when checking evidence in an out of the evidence management system. This knowledge, in addition to preliminary review of access to the reference material, led the Virginia laboratory director to relay to the Office of Professional Responsibility that he suspected Fuentecilla of stealing the methamphetamine reference materials. It is also important to note that an individual

laboratory director within the DEA laboratory system is not responsible for the movement of employees across laboratories.

Please find enclosed:

- DEA-OPR Final Report for Ken Fuentecilla (Forensic Chemist) dated October 21, 2011 (26 pgs.)
    - With all (64) tabs (883 pgs.)
- DEA-OPR Supplemental Final Report for Ken Fuentecilla (Forensic Chemist) dated October 28, 2013 (9 pgs.)
    - With all (16) tabs (128 pgs.)
- Two related HR correspondence documents (7 pgs.)

If you have any questions, please do not hesitate to contact me at (202) 252-7846 or Mark.Aziz@usdoj.gov.

                Sincerely,

                JESSIE K. LIU
                United States Attorney

By:   _____/S/_____
                Mark A. Aziz
                Assistant United States Attorney